UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAMILO VELEZ
        Plaintiff,

        v.                                    CIVIL ACTION NO.
                                              20-10957-MBB

THOMAS A. TURCO, III,
Former Commissioner of the Massachusetts
Department of Correction, STEVEN SILVA,
Former Superintendent of the Souza
Baranowski Correctional Center,
EFRAIN LOPEZ, Correction Officer, and
JOHN McLEAN, Correction Officer,
        Defendants.

**ORDER OF DISMISSAL**

**January 25, 2022**

**BOWLER, U.S.M.J.**

        On September 9, 2021, this court issued a Show Cause Order
requiring plaintiff Camilo Velez ("plaintiff") to show cause on
or before September 24, 2021 why this action should not be
dismissed for want of prosecution.  (Docket Entry # 28).  To
date, plaintiff has not filed a response.  For reasons stated
below, this case is dismissed without prejudice for want of
prosecution.

BACKGROUND

        Plaintiff, an inmate at the Souza Baranowski Correctional
Center ("SBCC"), filed this pro se civil rights action against
defendants Thomas A. Turco, III ("Turco"), John McLean
("McLean"), Steven Silva, and Efrain Lopez ("Lopez")

(collectively "defendants") in May 2020.  The complaint alleges
defendants failed to protect plaintiff from a March 2018 attack
by another inmate in violation of the Eighth and Fourteenth
Amendments under 42 U.S.C. § 1983 ("section 1983").  (Docket
Entry # 1).

On September 11, 2020, plaintiff filed a motion to appoint
counsel, which this court denied on September 14, 2020.  (Docket
Entry ## 12, 17).  On August 10, 2021, this court issued a
Memorandum and Order allowing in part and denying in part a
motion to dismiss filed by Turco, Lopez, and McLean.  (Docket
Entry ## 18, 26).  Plaintiff did not file an opposition to the
motion to dismiss.

On August 12, 2021, the Clerk mailed the Memorandum and
Order to plaintiff's address of record at the Massachusetts
Correctional Institution in Shirley, Massachusetts.[1]  On
September 3, 2021, the Clerk's Office received an envelope with
the Memorandum and Order addressed to plaintiff and a notation

---

[1]  A discrepancy exists regarding plaintiff's address.  The
complaint identifies the address as "S.B.C.C., P.O. Box 8000" in
Shirley, whereas the address of record is "MCI-Shirley, PO Box
1218" in Shirley.  Throughout, the court used the latter address
to mail rulings to plaintiff.  The discrepancy did not affect
plaintiff's receipt of filings from the court.  For example,
plaintiff received a Procedural Order dated June 5, 2020,
because he filed a response to the Order with the requested
certified prison account statement on June 18, 2020.  (Docket
Entry ## 5, 6).  Similarly, plaintiff received a June 22, 2020
Order instructing all parties to indicate their consent or
refusal to consent because he filed a consent a week later on
June 29, 2020.  (Docket Entry ## 7, 21).

"RTS Released."[2]   (Docket Entry # 27).   On September 9, 2021,
this court issued the Show Cause Order.   (Docket Entry # 28).
The docket reflects the Clerk mailed the Order to plaintiff's
address of record.   On September 27, 2021, the mailing sent to
plaintiff on September 10, 2021 was returned with the notation
"released to streets."   (Docket Entry # 31).   To date, plaintiff
has not responded to the Show Cause Order or informed this court
of his change of address.

## DISCUSSION

"[T]he effective administration of justice requires that
trial courts possess the capability to manage their own
affairs."   Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4
(1st Cir. 2002); accord Vázquez-Rijos v. Anhang, 654 F.3d 122,
127 (1st Cir. 2011) ("to operate effectively and administer
justice properly, courts must have the leeway 'to establish
orderly processes and manage their own affairs'") (citation
omitted).   "The authority to order dismissal in appropriate
cases is a necessary component of that capability."   Chamorro,
304 F.3d at 4.   Federal Rule of Civil Procedure 41(b) ("Rule
42(b)") reinforces and augments this "inherent power of trial

---

[2]   Plaintiff is therefore unaware of the stay imposed in the
Memorandum and Order, which, in any event, this court lifted on
October 4, 2021, for purposes of the Show Cause Order and the
assessment of plaintiff's lack of prosecution.

courts to dismiss cases for want of prosecution or disregard of judicial orders." Id.

Dismissal is nonetheless "one of the most draconian sanctions" and ordinarily employed "'only when a plaintiff's misconduct is extreme.'" Vázquez-Rijos, 654 F.3d at 127 (citation omitted). It is customarily appropriate only after the court determines "'that none of the lesser sanctions available'" are appropriate. Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 44 (1st Cir. 2007) (citation omitted). Factors to consider include "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Id. (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)). It is also appropriate to consider whether the recalcitrant party received notice and an opportunity to be heard. Id.

Local Rule 83.5.5(h) imposes a mandatory duty on plaintiff as a pro se litigant to "inform the clerk . . . in writing of any change of . . . address within 14 days of the change." L.R. 83.5.5(h). In no uncertain terms, the rule states "[i]t is the responsibility of the pro se party to notify the clerk and the parties of any change." L.R. 83.5.5(h). Plaintiff was released from SBCC months ago, as evidenced by the notation "Released" on

the returned envelope received by the Clerk's Office on September 3, 2021.  (Docket Entry # 27).  Given the passage of time, plaintiff's violation of L.R. 83.5.5(h) is likely deliberate.  See Lu v. Boulter, No. 03-2188, 2004 WL 431469 (1st Cir. Mar. 9, 2004) (affirming lower's court's Rule 41(b) dismissal because, inter alia, "[a]ppellant refused to comply with . . . the Local Rules") (unpublished).  Local Rule 1.3 warns that a failure to comply with the Local Rules of the United States District Court for the District of Massachusetts "may result in dismissal."  L.R. 1.3.

In addition, plaintiff's failure to keep this court apprised of his address negatively impacts this court's ability to manage the case and this court's operations.  See Malot, 478 F.3d at 44 (noting factor of prejudice to court's operations).  Plaintiff's failure to respond to the motion to dismiss also exhibits a lack of interest in prosecuting this action.

Plaintiff disobeyed the Show Cause Order and ignored the warning that a failure to file a response may result in dismissal.  See Vázquez-Rijos, 654 F.3d at 128 (Vázquez "ignored court orders and flouted the court's warnings"); Malot, 478 F.3d at 44 (noting that "disregard of court orders qualifies as extreme behavior, and we do not take such insolence lightly").  The purpose of the Show Cause Order was to afford plaintiff notice of the possibility of a dismissal and give him an

opportunity to be heard within a defined time period.  Because
it appears plaintiff did not receive the Show Cause Order,
however, the misconduct of not complying with the Show Cause
Order and ignoring the warning is not "extreme behavior."
Malot, 478 F.3d at 44

In light of the nature of the misconduct, the lesser
sanction of a dismissal without prejudice of this action rather
than a dismissal with prejudice is more appropriate.  See
Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006)
(dismissal with prejudice ordinarily "reserved for cases of
'extremely protracted inaction (measured in years), disobedience
of court orders, ignorance of warnings, contumacious conduct, or
some other aggravating circumstance'") (citation omitted).
Monetary sanctions, including an award of costs, however, are
ineffective because plaintiff's in forma pauperis status and
financial declaration (Docket Entry # 6) evidence an inability
to pay such sanctions.  See Briscoe v. Klaus, 538 F.3d 252, 263
(3rd Cir. 2008) (where a plaintiff is pro se and "in forma
pauperis, we have upheld the District Court's conclusion that no
alternative sanctions existed because monetary sanctions 'would
not be an effective alternative'") (citation omitted); Reeder v.
Artus, No. 09-CV-575, 2013 WL 2095795, at *3 (N.D.N.Y. Mar. 26,
2013) ("[m]onetary sanctions would be empty gestures in light of
Reeder's in forma pauperis status").  Treating certain facts as

established in defendants' favor is not effective because of plaintiff's continued failure to prosecute this action and his continued failure to provide a current address of record for receipt of court orders.  Accordingly, considering the totality of events, see Vázquez-Rijos, 654 F.3d at 127, "court 'should consider the totality of events'" when choosing a sanction), including the prejudice to defendants, a dismissal without prejudice is warranted.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, this case is **DISMISSED** without prejudice.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge